UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES LAMONT MILLER,

       Petitioner,                              Case No. 1:08-CV-191

v.                                                    HON. GORDON J. QUIST

WILLIE O. SMITH,

       Respondent.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Petitioner filed this habeas corpus action pursuant to 28 U.S.C. § 2254. On April 2, 2008, the magistrate judge issued a report and recommendation suggesting that the Court dismiss Petitioner's habeas claim under Rule 4, Rules Governing § 2254 Cases, because it does not seek relief cognizable on habeas review. Petitioner filed objections to the report and recommendation. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. Upon review, the Court will adopt the report and recommendation.

Petitioner is incarcerated with the Michigan Department of Corrections and presently housed at the Ionia Maximum Correctional Facility. Petitioner is serving multiple terms for sentences imposed between 1983 and 1991. Of relevance to the instant petition, Petitioner received multiple conviction in 1988 stemming from the murder of a corrections officer. Petitioner alleges that after those convictions, he was placed in indefinite administrative segregation, where he has remained for over 20 years. Petitioner alleges that his confinement in administrative segregation violates his

rights under the Eighth and Fourteenth Amendments to the United States Constitution, and he seeks an order compelling his return to the general prison population. The magistrate recommends that this petition be dismissed because a challenge to the condition of one's imprisonment is not cognizable in a petition for habeas corpus and should be brought in a § 1983 action.

The Court agrees with the magistrate. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad v. Close*, 540 U.S. 749, 750, 124 S.Ct. 1303, 1304 (2004) (internal citation omitted). In his petition, Petitioner does not challenge the duration or legality of his confinement or attack the criminal court proceedings that led to these particular convictions. Instead, he argues that the circumstance of his confinement, primarily the circumstance of being confined in administrative segregation, violates federal law. As such, his claim is not cognizable on habeas review and his claim should be properly brought in a § 1983 action.[1]

The Court must also consider whether to grant a certificate of appealability. The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claim under the *Slack* standard.

---

[1] Petitioner has also filed a Motion for a Temporary Restraining Order and a Motion for a Preliminary Injunction. Because the Court is dismissing the petition under Rule 4, the Court will deny these motion as well.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (docket no. 2) is **APPROVED AND ADOPTED.**

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE** and that a certificate of appealability is **DENIED** by this Court.

**IT IS FURTHER ORDERED** that Petitioner's Motion for a Temporary Restraining Order (docket no. 4) and Motion for a Preliminary Injunction (docket no. 6) are **DENIED**.

**This case is concluded.**

Dated: May 13, 2008                                     /s/ Gordon J. Quist
                                                            GORDON J. QUIST
                                                     UNITED STATES DISTRICT JUDGE